UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR LEE DARBY, *Pro Se*, | ) | Case No.: 1:19 CV2333 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN HAROLD MAY, *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants | ) | AND ORDER |

## I. INTRODUCTION

*Pro Se* Plaintiff Arthur Lee Darby[1] brings this action under 42 U.S.S. § 1983 against defendants Warden Harold May, Captain Adams, Dr. Opoku Aduse, Lieutenant Ceago, Correction Officer Stephanie Comer (collectively "Defendants"), and Inmate Banks, regarding events which took place on November 5, 2017, at Richland Correctional Institution ("RCI"), where Plaintiff was incarcerated at the time. Plaintiff alleges that in violation of his constitutional rights under the Eighth Amendment and Fourteenth Amendments, Defendants failed to protect him from an assault by defendant Inmate Banks and failed to provide him with adequate medical care in the aftermath of the assault. (ECF No. 1).

For the reasons that follow, this action is dismissed.

---

[1] Plaintiff is presently incarcerated at FCI Gilmer.

## II. BACKGROUND

Plaintiff alleges that he was cleaning his bed area and defendant Inmate Banks started arguing with him. Plaintiff walked away from the argument and went to the day room to play chess. Inmate Banks followed Plaintiff to the day room, still in an argumentative frame of mind, and a fight ensued between them. Defendant Officer Comer broke up the fight and Plaintiff went back to playing chess. About fifteen minutes later, Inmate Banks returned to the day room and struck Plaintiff in the back of the head with a brick Banks retrieved from the prison yard. (*Id.* at 3-4).

Attached to the Complaint is the Incident Report. According to the Incident Report, after being struck with the brick, Plaintiff went to the Officers station bleeding from the back of the head and seeking medical attention. At that time, Plaintiff said that he fell in the bathroom and hit his head. Plaintiff was taken to medical. (ECF No. 1-4). Defendants Adams and Ceago reviewed camera footage and determined that Plaintiff had been assaulted by Inmate Banks, and Banks was apprehended and taken to the shift office. (See *id.*; ECF No. 1 at 4).

Plaintiff alleges that Inmate Banks was on psychiatric medication and had behaved in a similar fashion at another institution and should not have been allowed in an open prison environment. (ECF No. 1 at 4). Plaintiff claims that "the institution has known for years that they have a problem with inmates picking up rocks and bricks to be used as weapons." He further alleges that "they" blacktopped most of the yard and even had inmates go around the yard to pick up the bricks and rocks in the yard. (*Id.*). With respect to the medical treatment for his injury, Plaintiff states that he only received Tylenol, was concerned about concussion, and stayed out in the cold to keep his brain from swelling. (*Id.* at 2).

For relief, Plaintiff asks that the Institution, Warden Harold May, Captain Adams, Lieutenant

Ceago, and Correction Officer Stephanie Comer be held liable for failing to protect him from a "mental patient" and compensate him for his head injury, and that the medical department be held liable for failing to treat his head injury. (*Id.* at 5).

### III. LAW AND ANALYSIS

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). While the court must construe the pleading in the light most favorable to the plaintiff, *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998), the court is not required to conjure unpleaded facts or construct claims against a defendant on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) also governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564. A plausible pleading must contain a short and plain

statement of the claim showing that the pleader is entitled to relief on the assumption that all of the allegations in the complaint are true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677-78.

## B. Analysis

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To state a § 1983 claim, Plaintiff must plausibly allege that a person acting under color of state law deprived him of a right secured by the United States Constitution. *See West v. Atkins*, 487 U.S. 42, 48 (1998). Plaintiff fails to state a § 1983 claim against Defendants upon which relief can be granted.

### 1. Plaintiff fails to allege a claim against Warden May

The Complaint is devoid of any factual allegations against Warden May. To the extent that Plaintiff is claiming that Warden May is liable for the events at issue simply because he is the Warden, Plaintiff fails to state a plausible claim for relief against him. It is well-established that supervisory officials cannot be liable under § 1983 solely on the basis of respondeat superior. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because vicarious liability is inapplicable to...§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Where, as here, the Warden is merely named as a defendant without supporting allegations of specific unconstitutional conduct in the body of the Complaint, the Warden is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

## 2. Plaintiff fails to allege plausible Eight Amendment claims

Liberally construing the Complaint, Plaintiff is asserting two claims under the Eighth Amendment based upon the allegations that Defendants failed to protect him from the assault by defendant Inmate Banks, and failed to provide adequate medical care for his injuries. Prison officials may be liable for such Eighth Amendment violations when they are deliberately indifferent to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

### *Failure to protect*

To state a plausible claim that Defendants were deliberately indifferent to Plaintiff's risk of assault by Inmate Banks, Plaintiff must allege facts that suggest he was incarcerated under conditions which posed a serious risk of harm, either because he was personally targeted for harm by Banks or because he belonged to an identifiable group of prisoners for whom risk of assault by Banks is a serious problem. *See Slider v. Howell*, No. 1:17 CV 2362, 2018 WL 1453427, at *2 (N.D. Ohio Mar. 23, 2018) (citing *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996)). There are no allegations in the Complaint suggesting that Plaintiff himself was particularly vulnerable to an attack by defendant Inmate Banks, that he belonged to a group targeted by Inmate Banks, or that Defendants were aware of any facts suggesting that Inmate Banks posed a substantial risk of harm to any inmate at RCI.[2] Nor does Plaintiff allege that Defendants ignored any prison policies or protocols regarding appropriate screening and housing of inmates with mental health issues or claim that he raised any concerns with Defendants regarding his safety with respect to Inmate Banks. He simply claims in conclusory fashion that Inmate Banks was taking psychiatric

---

[2] Plaintiff alleges in conclusory fashion that Inmate Banks "had done the same behavior at another institution" but fails to claim that Defendants were aware of the alleged past behavior.

medication and should not have been allowed in "an open prison environment."

Nor does Plaintiff plausibly allege that Defendants were deliberately indifferent to any risk of harm posed by Inmate Banks. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 837).

Here, Plaintiff alleges that after the initial altercation in the day room with Inmate Banks, he went back to playing chess. Defendant Officer Comer, who broke up the altercation in the day room, followed Inmate Banks to find out what "was really going on." Inmate Banks told her "they were just playing around." (ECF No. 1 at 3; ECF No. 1-4). Contrary to being deliberately indifferent, defendant Officer Comer followed-up on the altercation in the day room. Nor does Plaintiff plausibly claim that Defendants were deliberately indifferent to the availability of bricks for use as weapons at RCI. Indeed, he alleges that the institution was aware of the issue, paved most of the yard, and had inmates picking up bricks and rocks from the yard. (ECF No. 1 at 4).

Plaintiff claims "the prison was negligent" with respect to the assault by Banks, but an Eighth Amendment violation requires more than mere negligence. Plaintiff has failed to plausibly allege that he faced a substantial risk of harm from Inmate Banks or that Defendants were deliberately indifferent to any harm Plaintiff faced from Inmate Banks or to the availability of bricks from the prison yard that could be used as a weapon.

Accordingly, Plaintiff fails to plausibly allege that Defendants violated his Eighth Amendment rights with respect to the assault by Inmate Banks and that claim is dismissed pursuant

to § 1915(e)(2)(B).

### *Deliberate indifference to a serious medical need*

Nor do the allegations in the Complaint plausibly allege that Defendants were deliberately indifferent to Plaintiff's medical needs after the assault. Similar to an Eighth Amendment failure to protect claim, a § 1983 claim for deliberate indifference regarding a prisoner's medical care consists of an objective component and a subjective component, both of which must be satisfied. *Farmer*, 511 U.S. at 834. The objective component requires the existence of a "sufficiently serious" medical need. *Id*. The subjective component requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying him medical care. *Id*. In order to satisfy this culpable state of mind, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Here, even assuming for the purpose of this analysis that Plaintiff's head injury constituted a serious medical need, he fails to plausibly allege that Defendants were deliberately indifferent to his injury. Plaintiff was provided with medical treatment as soon as Defendants were aware of his injury and he was prescribed Tylenol. Plaintiff does not allege that he was refused treatment, but that he was concerned about brain swelling and concussion and stayed outside in the cold to keep his head cold.

To the extent that Plaintiff is alleging disagreement with the medical treatment he received, a claim that prison medical personnel were negligent in diagnosing or treating a medical condition does not state a claim for deliberate indifference to a prisoner's serious medical need under the Eighth Amendment. "Medical malpractice does not become a constitutional violation merely

because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A doctor's exercise of medical judgment, even if incorrect, does not constitute deliberate indifference to an inmate's serious medical needs. *Id*. at 107 (the issue of whether a doctor should have ordered certain diagnostic tests or forms of treatment is a "classic example" of the exercise of medical judgment and does not constitute cruel and unusual punishment even when an inmate identifies a number of medical options that were not pursued).

Accordingly, Plaintiff fails to plausibly allege that Defendants violated his Eighth Amendment rights with respect to medical treatment provided for his injury as a result of the assault by Inmate Banks, and that claim is dismissed pursuant to § 1915(e)(2)(B).

### 3. Plaintiff's state law claims are dismissed without prejudice

Plaintiff asks this court to hold defendant Inmate Banks liable for assault and alleges that Defendants were negligent with respect to the events surrounding his assault by Inmate Banks. Having dismissed Plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and those claims are dismissed without prejudice. *See* 28 U.S.C. § 1367(c); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("'Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.'") (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384-85 (6th Cir. 2003) (further citation omitted)).

## IV.  CONCLUSION

For all of the foregoing reasons, Plaintiff's federal claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and Plaintiff's state law claims are dismissed without prejudice.

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                            */s/ SOLOMON OLIVER, JR.*
                                            UNITED STATES DISTRICT JUDGE

March 11, 2020